UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X

DEBORAH PRETLOW,

Petitioner,

03 CV 2547

- against-

MEMORANDUM AND ORDER

ELAINE LORD, Superintendent of Bedford Hills Correctional Facility,

Respondent.

-----------------------------------------------X

A P P E A R A N C E S

DEBORAH PRETLOW
99-G-0758
Bedford Hills Correctional Facility
P.O. Box 1000
Bedford Hills, New York 10507
Petitioner, *pro se*

CHARLES J. HYNES, ESQ.
Kings County District Attorney
Renaissance Plaza
350 Jay Street
Brooklyn, New York 11201-2908
By: Scott J. Splittgerber, Esq.
Adam S. Charnoff, Esq.
Assistant District Attorneys
Attorneys for Respondent

JOHNSON, Senior District Judge:

Deborah Pretlow ("Petitioner") brought the above-captioned action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 20, 2003. At Petitioner's request, this Court held the Petition in abeyance while Petitioner pursued remedies in



P-049

CM

state court. The stay and two extensions having expired, the Court directed the Kings County District Attorney to respond on behalf of Respondent. Thereafter, Petitioner submitted a general denial in reply. This Court has considered Petitioner's claims, the District Attorney's Response, and the relevant portions of the state court record. For the reasons stated below, the petition for habeas corpus is denied.

## I Procedural Issues

This Petition is timely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because it was filed within one year of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2254(d)(1)(A).

Petitioner has exhausted her state court remedies by presenting these same claims "to every state court with jurisdiction to hear the claim." Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994). See 28 U.S.C. § 2254(b)(1)(A) (requiring that the applicant have "exhausted the remedies available in the courts of the State."). The Appellate Division of the New York Supreme Court considered these claims and rejected them on the independent state ground that the issues were procedurally barred because not properly preserved at trial. People v. Pretlow, 738 N.Y.S.2d. 866 (N.Y. App.Div. 2d Dep't 2002). In addition, the state court found that each of the claims were without merit. Id.

Federal courts may not consider the merits of federal constitutional claims on habeas review when a state court has already considered those claims and found them to



P-049

be procedurally barred in state court by an independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 730 (1991); Wainwright, 433 U.S. at 81, 87. In any case of procedural default, the "federal courts may address the merits of a claim . . . only upon a showing of cause for the default and prejudice to the petitioner," Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994), or if "failure to consider the federal claim will result in a fundamental miscarriage of justice," Harris v. Reed, 489 U.S. 255, 262 (1989). The "fundamental miscarriage of justice" exception to procedural bar has been interpreted by the Supreme Court to mean "actual innocence." Murray v. Carrier, 477 U.S. 478, 496 (1986).

The Kings County District Attorney, acting on behalf of Respondent, has argued that Petitioner's claims regarding the sufficiency of the evidence and prosecutorial misconduct are barred from federal habeas review because the Appellate Division denied the claims on the procedural ground that they were unpreserved for appellate review. (See Aff. in Opp'n to Pet. at 2.) New York's contemporaneous objection rule requires that in order to preserve an issue for appellate review in the New York state courts, the defendant must object to the alleged error at trial, at such time when the trial court has an opportunity to repair the defect. N.Y. Crim. Proc. Law § 470.05(2); People v. Jones, 631 N.Y.S.2d 539 (2d Dep't 1995) (issue unpreserved for appellate review when defendant did not ask for curative instructions or renew a motion for a mistrial).

**Petitioner's Claim Regarding the Sufficiency of the Evidence**

New York courts have required that a motion to dismiss for insufficient evidence

"be 'specifically directed' at the alleged error." People v. Gray, 86 N.Y.2d 10, 19 (N.Y. 1995) (quoting People v Cona, 49 N.Y.2d. 26, 33, n. 2 (N.Y. 1979)); see also People v. Hay, 711 N.Y.S.2d 774 (N.Y. App. Div. 2d Dep't 2000) ("The defendant's challenge to the legal sufficiency of the evidence must be raised with "sufficient specificity at trial."). At the conclusion of the People's case against Pretlow, Defense Counsel moved to dismiss all of the charges on the general grounds that the People had failed to establish each and every element of the charges. (Tr. at 811.) However, Counsel offered a specific challenge only to the fourth count charged in the indictment, murder in the second degree, depraved indifference. The jury found Petitioner not guilty of this charge. Defense Counsel did not offer a specific challenge to any of the charges on which she was convicted. The Appellate Division found these claims to be unpreserved. Accordingly, this Court finds that the Appellate Division's finding of procedural default is an independent and adequate state ground for barring this claim in federal court. Petitioner's claim regarding the sufficiency of the evidence is dismissed.

**Petitioner's Claim Regarding Prosecutorial Misconduct**

New York courts have also held defendants to a high standard in preserving objections to alleged errors regarding the conduct of the prosecution. It may not be enough for the defendant to object to the prosecution's comments during summation. In People v Tardbania, 72 N.Y.2d 852, 853 (N.Y. 1988), the New York Court of Appeals found that a challenge to the prosecutor's summation was unpreserved for appellate



P-049

review where objections were raised during summation and adequate curative instructions were taken. Where objections are raised and sustained, defense counsel may also be required to seek further ameliorative action. People v Jian Guo Xia, 680 N.Y.S.2d 167 (N.Y. App. Div. 2d Dep't 1998).

The Appellate Division stated that Defendant's claims regarding prosecutorial misconduct were "unpreserved for appellate review," but did not discuss the extent to which Defense Counsel's objections were insufficient to preserve these claims. Pretlow, 738 N.Y.S.2d 866. Having reviewed the transcript, this Court is not convinced that the "independent" state ground for barring these claims in state court is "adequate" to bar federal habeas review of all of these claims.[1] Defense Counsel strenuously objected to several portions of the prosecutor's summation, including the prosecutor's reference to other individuals who were involved in the murder but were not on trial with defendant (Tr. at 891, 897), and his speculation and reference to details or claims that were not in evidence regarding those individuals' acquaintance with the victim (Tr. at 892-894) and contacts with the detectives investigating the case (Tr. at 906). The trial court sustained many of these objections and, in several instances, admonished the prosecutor not to testify (Tr. at 895, 897) or speculate (Tr. at 914, 915). When the prosecutor argued that the other individuals' only connection to the victim was through the Defendant, a series

[1] Some of Petitioner's other claims clearly were not preserved at trial, and thus are not appropriate for federal habeas review. In particular, the Defense made no objection to the portions of the prosecution's summation which Petitioner now claims denigrated the defense or inflamed the jury with graphic details of the murder. Accordingly, these claims are dismissed.



P-049

of challenges and instructions from the judge culminated in an off-the-record discussion at the bench. Ultimately, the judge permitted the State to argue lack of evidence of prior acquaintance, over the Defendant's objection. (Tr. at 893.) There is no record of this discussion or the extent to which the Defense took further exception to the court's ruling.

Rather than decide whether this is sufficient to bar these claims, the Court will consider them on their merits. See Dunham v. Travis, 313 F.3d 724, 729-30 (2d Cir. 2002) ("[H]urdling the procedural question to reach the merits of a habeas petition is justified in rare situations, 'for example, if [the underlying issues] were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.'") (quoting Lambrix v. Singletary, 520 U.S. 518, 525 (1997)).

## II Standard of Review

Claims on state convictions that are reviewable in federal court are nonetheless subject to a deferential standard of review. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if the federal court concludes that the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A



P-049

state court decision is "contrary to" clearly established Federal law where "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring and writing for the majority in this part). A state court decision involves an "unreasonable determination of the facts" where the state court correctly identifies the governing legal principle from Supreme Court precedent, but unreasonably applies that principle to the facts of the petitioner's case. Id. at 413. Thus, a federal court may only grant habeas relief where the state court's application of clearly established federal law was not only erroneous, but objectively unreasonable. Id. at 409. The federal court may not substitute its judgment for that of the state court.

## III Prosecutorial Misconduct Claim

The standard of review in federal habeas corpus proceedings for allegations of prosecutorial misconduct is "the narrow one of due process, and not the broad exercise of supervisory power." Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974); see also Floyd v. Meachum, 907 F.2d 347, 353 (2d Cir. 1990). In order to prevail, petitioner must show more than mere trial error. Tankleff v. Senkowski, 135 F.3d 235, 252 (2d Cir. 1998). "It is not enough that the prosecutor's remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986). The prosecutor's remarks must have "so infected the trial with unfairness as to make the



P-049

resulting conviction a denial of due process." Darden, 477 U.S. at 180; see also United States v. Tutino, 883 F.2d 1125, 1136 (2d Cir. 1989) (remarks during summation are grounds for reversal only if they caused "substantial prejudice"). The three factors to be considered in determining whether a prosecutor's actions create the "substantial prejudice" necessary to render a trail fundamentally unfair are: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct; and (3) the certainty of conviction absent the improper statements. Floyd, 907 F.2d at 355.

"Attorney statements vouching for the credibility of witnesses are generally improper because they 'impl[y] the existence of extraneous proof.'" United States v. Perez, 144 F.3d 204, 210 (2d Cir. 1997) (quoting United States v. Rivera, 22 F.3d 430, 438 (2d. Cir. 1994)). However, the prosecutor is entitled to comment on the credibility of witnesses with reference to the evidence in the case, particularly where credibility has been challenged by the defense. Id.; United States v. Perry, 643 F.2d 38, 51 (2d Cir. 1981). Another purpose of summation is to suggest what inference the jury should draw from the evidence presented. United States v. Arboleda, 20 F.3d 58, 61 (2d Cir. 1994).

Applying this standard, the Court finds that the prosecutor's summation did not create "substantial prejudice" that would constitute a denial of due process. The Court agrees with the Appellate Division that most of the prosecutor's remarks were responsive to the claims and conclusions made by the defense or fair comment on the evidence. The prosecutor's arguments supporting the credibility of the State's witness Ria Clarke were made in response to specific claims by the Defense regarding alleged

motives for Clarke to lie. (See Tr. at 846-863, 896-98, 903, 906.)

To the extent that the prosecutor argued matters not in evidence, including his implication that other people involved in the murder had also been prosecuted (Tr. at 891) and that the other individuals did not know the victim (Tr. at 892), those errors were resolved at trial when the court sustained Defendant's objections, reminded the jury that only Defendant was on trial before them (Tr. at 891), instructed the jury not to speculate on claims that were not in evidence (Tr. at 893), and admonished the prosecutor not to raise issues that were not in evidence (Tr. at 893).

Furthermore, any allegedly improper remarks made in summation were not so egregious as to cause "substantial prejudice" that denied Petitioner her right to a fair trial. The jury heard ample evidence placing Petitioner at the scene of the crime and directly linking her to the murder. To the extent that Petitioner's trial testimony offered innocent explanations for this evidence, the jury was entitled to weigh these statements at trial against the inconsistent statements found in defendant's prior written and videotaped statements. Accordingly, this Court finds that Petitioner has not shown that she was denied a fair trial, since "it can fairly be said that [her] conviction[] [was] the result of the jury's assessment of the evidence, not the result of improper argument by the prosecutor." United States v. Nersesian, 824 F.2d 1294, 1328 (2d Cir. 1987).

**IV Petitioner's Challenge to her Sentence.**

Petitioner also claims that her sentence was unconstitutional and excessive,



P-049

because she received the maximum permissible sentence despite having no prior criminal record. Petitioner argues that this sentence was tantamount to penalizing her for exercising her right to trial by jury. She presented this claim to the Appellate Division, which considered and denied the claim on its merits. See Pretlow, 738 N.Y.S.2d at 866 (quoting People v. Suitte, 455 N.Y.S.2d 675 (N.Y. App. Div. 1982). Petitioner's sentence was within the range prescribed by New York law. Accordingly, this claim does not present a federal question and must be dismissed. White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.").

## V Conclusion

For the foregoing reasons, Petitioner's application for a writ of habeas corpus is denied. The Clerk of the Court is directed to close this case. Because Petitioner has not made a substantial showing of the denial of any constitutional right, a certificate of appealability will not be issued. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (reiterating the standard for issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

SO ORDERED.

Dated: April 29, 2005
Brooklyn, New York

Sterling Johnson, Jr.
Senior United States District Judge



P-049